This suit involves a truck-automobile collision which took place just above Scotlandville, in the Parish of East Baton Rouge, on the Baton Rouge-Bayou Sara paved highway, at about 6:30 P.M. on the night of January 30, 1940, wherein plaintiff seeks of defendant the sum of $336.81 as damages to his automobile caused by the said collision.
The highway, at the situs of the collision, is approximately twenty feet in pavement with side shoulders of five to six feet, and runs practically north and south, and is straight in either direction for a considerable distance. The defendant Kelly lives adjoining this highway to the east and has a driveway, with a gate located some 20 or 21 feet, leading therefrom to his home.
On the night of the accident, the defendant was driving from his home, in his truck, stopped at the gate, opened the gate, then proceeded, and then again stopped and closed the gate. After closing the gate, he then proceeded to cross the highway in order to reach the western side of the highway to travel south in the direction of Baton Rouge, which would be his right lane of travel.
Bennie Francois, an employee of the plaintiff, while in the course and scope of his employment, was driving plaintiff's automobile south in the direction of the City of Baton Rouge, returning from some point in Mississippi. Plaintiff alleges that the defendant drove his truck out into the highway in front of his automobile; and, in his attempt to make a left turn, ran into his automobile, the front part of the truck striking the left front part of his automobile, causing the automobile to turn over, thereby causing damages in the amount of $336.81. He imputes negligence on the part of defendant (1) in driving without lights, (2) in failing to maintain a proper lookout, (3) in driving from a side road into a main and muchly travelled highway without first looking to see whether or not traffic was coming on the said highway, and (4) in driving across the center line of the pavement and striking his automobile on its right side of the center line.
The defendant, in answer, denied any negligence on his part, but averred that the sole cause of the accident was the negligence of plaintiff's employee and driver of his automobile (1) in driving at an excessive speed, (2) in not keeping a proper lookout, (3) in attempting to pass his truck on the wrong side after he had completed the left turn and had travelled for some distance to the south, skidding on the pavement and swerving his automobile into the right side of defendant's truck in his attempt to get back on the pavement. Defendant, as plaintiff in reconvention, sets *Page 761 
up a claim for damages against plaintiff for the sum of $1,000 for personal injuries and $111.50 to his truck.
Upon these issues the case was tried, resulting in a judgment in favor of defendant, dismissing plaintiff's suit, and granting a judgment in favor of defendant in reconvention and against plaintiff in the sum of $311.50, with interest and costs. This judgment was signed on April 4, 1941. Plaintiff, on June 5, 1941, devolutively appealed. The defendant filed a motion to dismiss the appeal on the ground and for the reason that the said judgment had been compromised and settled in July, 1941, after the taking and perfection of the said appeal, to which motion plaintiff filed an answer contending that the settlement of the judgment rendered on reconvention was no abandonment or compromise of his main demand. Thereafter, with reservation of his motion to dismiss the appeal, defendant answered the appeal praying that the amount of his judgment be increased to the original amount demanded.
After a careful consideration of the motion to dismiss the appeal, realizing that appeals are favored under our law and jurisprudence, and in view of our conclusion reached on the merits of the case, we see no reason why we should go into any extensive remarks as to the merits or demerits or the causes set out for the maintenance or refusal of the motion to dismiss the appeal, and for that reason the motion will be disregarded.
The question presented on the merits is one purely of facts, and that is whose negligence caused the accident. We are not favored with written reasons by the trial judge, but he evidently must have come to the conclusion that the cause of the accident was the negligence of plaintiff's employee, the driver of his automobile.
After a careful review of the evidence, we are convinced that the place where the accident occurred was some seventy or more feet to the south of the defendant's private driveway or entrance, and that defendant had made and completed a left turn and had gotten over on his right side and had been travelling in his proper lane of travel for some several feet prior to and when the collision occurred, and we are of the further opinion that defendant had his lights burning when he entered the highway and was going at a very slow rate of speed; that, when he began to drive after re-entering his truck, after the closing of his gate, the plaintiff's car was some two hundred or more feet to the north, sufficiently far enough away to give defendant the right to assume that he had ample time to make the proper left turn and be on his right lane of travel. We are also of the opinion that plaintiff's employee and driver was driving at an excessive rate of speed, say exceeding 60 miles per hour, and more particularly so when it is shown that, at the scene of the accident, the particular locality is extensively settled and traffic is heavy. He necessarily must not have been keeping a proper lookout when he failed to see defendant's truck, some 200 feet or more ahead of him, with full lights burning, in the act of making the left turn. He states that he only saw defendant's truck when he was but twenty or thirty feet away, and then cut to his right in order to pass the truck, on the right rather than the left side. He seeks to excuse himself for such action by stating that there was an oncoming car from the south. He is not corroborated by any other witness, but on the contrary, is contradicted by the defendant and other witnesses. The physical facts, in accordance with the testimony of Mr. Brawley, show that plaintiff's automobile skidded some eighty-four (84) feet under brakes, and that the accident occurred some eight or nine feet prior to the end of the skid marks, thus showing that plaintiff's car had been under brakes and skidding some seventy-five (75) feet prior to the accident, evidently showing that plaintiff's employee and driver of his car was travelling very fast. Under these facts, it is our conclusion that the sole cause of this accident was the negligence of plaintiff's employee and driver in his excessive speed and in not keeping a proper lookout, to say nothing of his attempt to pass the defendant on the wrong side of the road. Such, as previously stated, must have been the conclusion of the lower court.
As to the answer to the appeal, we are of the opinion that this matter is now foreclosed by the compromise had of the reconventional demand in July, 1941, as set out by defendant's own motion to dismiss.
Judgment affirmed. *Page 762